IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF NEW MEXICO

**ARI BEN SWARTZ**,

    **Plaintiff,**

vs.                                       **CIVIL NO. 07-509 RB/CEG**

**WASHINGTON GROUP
INTERNATIONAL, INC.,
MAX LEUENBERGER, DIANE
MCLAUGHLIN, DAVID LOYD,
STEVE NUNEZ, SEAN GATES,
NASA EMPLOYEE DEFENDANTS,**

    **Defendants.**

## ORDER DENYING MOTIONS AS MOOT

This matter comes before the Court on Washington Group International, Inc.'s ("WGII") Motion to Certify Order for Interlocutory Appeal, or in the alternative, for Reconsideration, filed Jan. 16, 2008 (Doc. 60); on the United States' Motion for Joinder in WGII's motion, filed Jan. 22, 2008 (Doc. 61); on Plaintiff Ari Ben Swartz's Motion for Summary Judgment, filed April 8, 2008 (Doc. 100), and on Swartz's Motion to Compel Settlement, filed April 9, 2008 (Doc. 102). WGII's motion seeks certification for an immediate interlocutory appeal, or reconsideration of, the Court's ruling that Swartz may proceed pro se in his *qui tam* action against WGII. At the time WGII filed its motion, the United States was not a party to the action and it filed a notice that it would not intervene in the *qui tam* action after seeking joinder. *See* Doc. 64, filed February 11, 2008. Both of Swartz's motions are directed only to WGII.

The Court approved and entered a Stipulated Order of Dismissal dismissing with prejudice to the Plaintiff, but without prejudice to the United States, all of the Plaintiff's claims against WGII, including his *qui tam* claims, on June 24, 2008 (Doc. 135). There is, therefore, no longer a live controversy between WGII and Swartz, and WGII's and Swartz's motions are moot.

Further, the Tenth Circuit will not entertain an appeal of a moot issue. "Under Article III of the Constitution, federal courts may only adjudicate live controversies." *Fischbach v. N.M. Activities Assoc.*, 38 F.3d 1159, 1160 (10th Cir. 1994). Accordingly, "[c]ourts lack jurisdiction over claims that are moot." *McMurtry v. Aetna Life Ins. Co.*, 273 Fed. Appx. 758, 759 (10th Cir. 2008). "Article III of the Constitution . . . prohibits us from resolving hypothetical legal questions . . . relevant only to the resolution of an already dismissed dispute." *Prier v. Steed*, 456 F.3d 1209, 1212 (10th Cir. 2006). Where "the underlying litigation [is] dismissed by agreement of the parties pursuant to [a] settlement, [ ] there is no longer any action in which to intervene." *Energy Transp. Group, Inc. v. Maritime Admin.*, 956 F.2d 1206, 1210 (D.C.Cir. 1992) (dismissing as moot appeal of orders denying intervention and citing *Tosco Corp. v. Hodel*, 804 F.2d 590, 592 (10th Cir. 1986)).

As the Supreme Court has explained,

> Where mootness results from settlement, however, the losing party has voluntarily forfeited his legal remedy by the ordinary processes of appeal or certiorari, thereby surrendering his claim to the equitable remedy of vacatur. The judgment is not unreviewable, but simply unreviewed by his own choice. The denial of vacatur is merely one application of the principle that "[a] suitor's conduct in relation to the matter at hand may disentitle him to the relief he seeks."

*U.S. Bancorp Mortgage Co. v. Bonner Mall P'ship*, 513 U.S. 18, 25 (1994).

Accordingly, the Court will deny all of these pending motions as moot.

**WHEREFORE,**

**IT IS ORDERED** that WGII's Motion to Certify (Doc. 60), the United States' Motion for Joinder (Doc. 61), Swartz's Motion for Summary Judgment (Doc. 100), and Swartz's Motion to Compel Settlement (Doc. 102) are DENIED as moot.

_____
**ROBERT C. BRACK**
**UNITED STATES DISTRICT JUDGE**