IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF NEW MEXICO

**ARI BEN SWARTZ**,

    **Plaintiff,**

  vs.                                                            **CIVIL NO. 07-509 RB/CEG**

**WASHINGTON GROUP**
**INTERNATIONAL, INC.,**
**MAX LEUENBERGER, DIANE**
**MCLAUGHLIN, DAVID LOYD,**
**STEVE NUNEZ, SEAN GATES,**
**NASA EMPLOYEE DEFENDANTS,**

    **Defendants.**

## ORDER DISMISSING COMPLAINT AGAINST THE UNITED STATES

This matter comes before the Court on the United States' Motion to Dismiss Amended Complaint, filed Jan. 25, 2008 (Doc. 62), and on Plaintiff Ari Ben Swartz's objections to the substitution of the United States for the individual NASA Employee Defendants and his Motion for Summary Judgment, filed June 2, 2008 (Doc. 127). The Court will grant the United State's motion in part, deny Swartz's objections and motion, and dismiss the case.

Count I of Swartz's Amended Complaint alleges a *qui tam* action against former defendant Washington Group International, Inc. ("WGII"). The Court approved and entered a Stipulated Order of Dismissal dismissing with prejudice to Swartz, but without prejudice to the United States, all of the Plaintiff's claims against WGII, including his *qui tam* claims, on June 24, 2008. *See* Doc. 135. The Court will, therefore, deny as moot the United States' motion to dismiss Count I of the Amended Complaint.

Count II of Swartz's Amended Complaint alleges that various NASA employees harassed

him, which caused emotional distress, and that they prevented him from doing his job and caused his termination in retaliation for him reporting deficiencies in pressure-systems testing at the NASA Johnson Space Center located at the White Sands Test Facility.  *See* Doc. 57.  He alleges jurisdiction and brings suit against these employees under the Federal Tort Claims Act ("FTCA"), but contends that, "[t]he administrative claim requirements of 28 U.S.C. § 2675(a) and the time limitations of 28 U.S.C. § 2401(b) do not apply if a suit is commenced directly against a government employee for actions taken while in the scope of his (or her) office or employment."  Doc. 57 at 9, ¶ 7.2.

> When a federal employee is sued for a wrongful or negligent act, the Federal Employees Liability Reform and Tort Compensation Act of 1988 (commonly known as the Westfall Act) empowers the Attorney General to certify that the employee "was acting within the scope of his office or employment at the time of the incident out of which the claim arose. . . ." 28 U.S.C. § 2679(d)(1).  Upon certification, the employee is dismissed from the action and the United States is substituted as defendant.  The case then falls under the governance of the Federal Tort Claims Act (FTCA), ch. 753, 60 Stat. 812, 842.  Generally, such cases unfold much as cases do against other employers who concede *respondeat superior* liability.  If, however, an exception to the FTCA shields the United States from suit, the plaintiff may be left without a tort action against any party.

*Gutierrez de Martinez v. Lamagno*, 515 U.S. 417, 419-20 (1995).

Although the individual NASA Employee Defendants had not yet been served with Swartz's amended Complaint at the time the United States filed its motion to dismiss, and the United States was not, at that time, a party to the suit, the United States requested dismissal of Count II on its contention that Swartz had not complied with the jurisdictional prerequisite that he file an administrative claim with the appropriate federal agency in the form of "an executed Standard Form 95 or other written notification of an incident, accompanied by a claim for money damages in sum certain for injury to or loss of property, personal injury, or death alleged to have occurred by reason of the incident."  *Indus. Constr. Corp. v. United States Bureau of Reclamation*, 15 F.3d 963, 967 (10th Cir. 1994) (internal quotation marks omitted).  But Swartz responds that, because he sued the

individuals and *not* the United States or the agency, there was no need to file an administrative claim, and because the United States had not substituted itself for the individual employees under the Westfall Act at the time it filed the motion to dismiss, the motion should be denied. *See* Doc. 80 at 3-4. Swartz further objects to the certification and substitution, contending that "harassment is not within the scope of US government employment." Doc. 81 at 2.

In the motion to dismiss, the United States assumed that its employees would soon be served and stated that it would substitute itself for them under the Westfall Act[1]. Accordingly, after the individual defendants were served, the United States filed a notice substituting itself for its employees on the United States Attorney's certification that all of the employees were acting within the scope of their employment when they committed the acts alleged in Swartz's amended Complaint. *See* Doc. 74. Upon certification and substitution, the action "shall be subject to the limitations and exceptions" found in the FTCA, including exhaustion by filing an administrative claim and exceptions to the waiver of immunity. 28 U.S.C. § 2679(d)(4); *Aviles v. Lutz*, 887 F.2d 1046, 1049 (10th Cir. 1989) (abrogated on other grounds by *Gutierrez de Martinez v. Lamagno*, 515 U.S. at 423 n.3 & 434 (noting Circuit split and holding that the issue of certification and substitution is reviewable)).

To be sure, because the United States had never intervened in the *qui tam* action and also had not been substituted for the NASA Employee Defendants at the time it filed the motion to dismiss,

---

[1] 28 U.S.C. § 2679(d)(1) provides: "Upon certification by the Attorney General that the defendant employee was acting within the scope of his office or employment at the time of the incident out of which the claim arose, any civil action or proceeding commenced upon such claim in a United States district court shall be deemed an action against the United States under the provisions of this title and all references thereto, and the United States shall be substituted as the party defendant."

it was not a party-defendant and otherwise had no authority to file a motion to dismiss as to Count II of the Complaint. But by its subsequently-filed notice of substitution, the United States was automatically substituted as a party, subject only to this Court's review of Swartz's objections to that substitution. "Upon certification, the action is 'deemed to be . . . brought against the United States,' unless and until the district court determines that the federal officer originally named as defendant was acting outside the scope of his employment." *Osborn v. Haley*, 549 U.S. 225, ___, 127 S.Ct. 881, 900 (2007) (quoting § 2679(d)(1) (citation omitted)). The "Attorney General's certification is the first, but not the final word on . . . whether the United States is properly substituted as defendant[;] [a] plaintiff may request judicial review of the Attorney General's scope-of-employment determination . . . ." *Id.* at 897 (internal quotation marks omitted). The United States ratified or renewed its motion to dismiss in its reply brief filed after that substitution, *see* Doc. 84 at 4, and in the interests of judicial economy and efficiency, the Court will reach the merits of the motion to dismiss.

The FTCA provides that a suit against the United States is the exclusive remedy for persons with claims for damages resulting from the wrongful acts of federal employees when those acts are taken within the scope of their office or employment, subject to two exceptions that do not apply here. *See* 28 U.S.C. § 2679(b)(1), (2). When a plaintiff sues the individual federal employees and the Attorney General or his designee certifies that the employees were acting within the scope of their employment, "Westfall Act certification is proper [even] when a federal officer charged with misconduct asserts, and the Government determines, that the incident or episode in suit never occurred." *Osborn*, 549 U.S. at ___, 127 S. Ct. at 897. It also applies to an "employee charged with an intentional tort" – and harassment, intentional infliction of emotional distress, retaliation, and interference with contract are all intentional torts – even when that federal employee "denies

4

wrongdoing and asserts he engaged only in proper behavior occurring wholly within the scope of his office or employment." *Id.* at 898 (internal quotation marks omitted).  The Supreme Court has held that the government's ability to certify that its employee was acting within the scope of his employment and to remove a suit to federal court under § 2679(d), is not "controlled by the plaintiff's allegations." *Id.* at 899.  If the defendant's "relationship to [the plaintiff] derived solely from [the defendant's] official duties" and their interactions occurred "only through [the defendant's] employment" as a federal employee, the Court is not required to accept as true, for the purposes of removal and substituting the United States for the individual defendant, the plaintiff's characterizations and conclusions to the contrary.  *See id.* (internal quotation marks omitted). Instead, if the plaintiff's claims are not otherwise barred by other provisions of the FTCA, the Court should substitute the United States as the party-defendant and allow the jury to determine what actually happened and the motivations behind the events it believes actually took place.  *See id.* at 899-900.  As the Supreme Court noted in *Osborn*, "[t]he overlap of certification validity and the merits of the plaintiff's claim . . . is uncommon. . . .[E]ven when the plaintiff alleges an intentional tort, it may be possible to resolve the scope-of-employment question without deciding the merits of the claim." *Id*. at 900 n.15.

The Court must refer to New Mexico state law to determine whether the NASA defendants acted within the scope of their employment. *See Harrison v. United States*, No. 07-6301, ___ Fed. Appx. ___, 2008 WL 2940674, *1 (10th Cir. Aug. 1, 2008) (unpublished); *Richman v. Straley*, 48 F.3d 1139, 1145 (10th Cir. 1995) ("'scope of employment' is defined by the respondeat superior law of the state where the incident occurred").  New Mexico courts have adopted the following "variable" test to determine whether conduct was within the scope or course of employment:

> [A]n act is within the "course of employment" if (1) it be something

5

> fairly and naturally incident to the business, and if (2) it be done while the servant was engaged upon the master's business and be done, although mistakenly or ill advisedly, with a view to further the master's interest, or from some impulse of emotion which naturally grew out of or was incident to the attempt to perform the master's business, and did not arise wholly from some external, independent, and personal motive on the part of the servant to do the act upon his own account.
>
> *Gonzales* [*v. Southwest Sec. & Protection Agency, Inc.*,100 N.M. 54, 665 P.2d 810] at 811 [(Ct. App. 1983)] (quoting *Miera v. George*, 55 N.M. 535, 237 P.2d 102 (1951)).
>
> It is not enough for the employer to establish that the employee's conduct was unauthorized. *Hansen v. Skate Ranch, Inc.*, 97 N.M. 486, 641 P.2d 517 (Ct.App.1982). "A servant usually is not employed to be negligent, but this does not mean that a negligent act is outside the scope of his employment." *Id.*, 97 N.M. 486, 641 P.2d at 521 (*quoting White Auto Stores v. Reyes*, 223 F.2d 298 (10th Cir.1955)). To escape liability an employer must show that when the wrongful act was committed, the employee had "abandoned his employment and was acting for a purpose of his own which was not incident to his employment." *Hansen*, 97 N.M. 486, 641 P.2d at 521. This factual analysis has also been applied to allegations of intentional torts. *McCauley v. Ray*, 80 N.M. 171, 453 P.2d 192 (1968) (ranchhand intentionally shot plaintiff).

*Nichols v. United States*, 796 F.2d 361, 365 (10th Cir. 1986). The U.S. Attorney's certification provides prima facie evidence that the Defendants acted within the scope of their employment. *See Richman*, 48 F.3d at 1145. Swartz bears the burden of overcoming this presumption. *See id.* Swartz's complaint alleges that the Defendants committed some of their allegedly wrongful acts by failing to follow NASA policy guidelines and procedures, preventing him from doing his job, giving him poor performance evaluations, and selectively applying NASA requirements, and committed others during business meetings in which they stated that Swartz was unqualified to perform his job and was negatively impacting NASA's goals and encouraged his termination. *See* Doc. 57 at 10-15. These allegations clearly establish that all actions occurred within the scope or course of the Defendants' employment because they are acts "fairly and naturally incident to" NASA's business,

6

done while the employees were "engaged upon" NASA's business "with a view to further [NASA's] interest, or from some impulse of emotion which naturally grew out of or was incident to the attempt to perform [NASA's] business," and there are no allegations to support a conclusion that the employees' acts arose "wholly from some external, independent, and personal motive on the part of the servant to do the act upon his own account." *Nichols*, 796 F.2d at 365.

Swartz argues that the individual Defendants acted beyond the scope of their employment because their actions were intentional and malicious and because they disregarded NASA policies, which made their actions unauthorized. But the fact that an employee disregarded or failed to follow policies does not make his actions "outside the scope of his employment" for purposes of *respondeat superior* liability in New Mexico. *See id.* Swartz has failed to rebut the presumption the certification created, and the Court declines his invitation to re-substitute the individual Defendants for the United States as the Defendant in this case.

Swartz has not pleaded in his amended complaint or contended in his responsive briefing that he filed the requisite administrative claim. He has therefore not exhausted his administrative remedies and has not stated a federal cause of action against the United States under the FTCA. But as the United States points out, when it has been substituted for the individual employee-defendants, the Westfall Act provides Swartz another opportunity to file an administrative claim within 60 days after dismissal of his complaint. *See* 28 U.S.C. § 2679(d)(5).

The Court further notes, however, that

> The "exclusive remedy" provision of section 5 [§ 2679] is intended to substitute the United States as the solely permissible defendant in all common law tort actions against Federal employees who acted in the scope of employment. Therefore, suits against Federal employees are precluded even where the United States has a defense which prevents an actual recovery. *Thus, any claim against the government that is precluded by the exceptions set forth in Section 2680 of Title 28, U.S.C. also is precluded against an employee . . . .*

7

*Aviles*, 887 F.2d at 1049 (italics in original) (internal quotation marks omitted). Section 2680 provides, in pertinent part, that "[t]he provisions of this chapter and section 1346(b) of this title shall not apply to . . . (h) Any claim arising out of assault, battery, false imprisonment, false arrest, malicious prosecution, abuse of process, libel, slander, misrepresentation, deceit, or interference with contract rights . . . ." In *Aviles*, the Tenth Circuit agreed that the United States should be substituted for individual government employees and then noted that

> Section 2680 encompasses exceptions to the United States' general waiver of immunity contained in § 1346(b). These exceptions mark the boundaries "between Congress' willingness to impose tort liability upon the United States and its desire to protect certain governmental activities from exposure to suit by private individuals." *United States v. Varig Airlines*, 467 U.S. 797, 808, 104 S.Ct. 2755, 2762, 81 L. Ed. 2d 660 (1984). In this instance, we are concerned with subsection (h) which exempts from the provisions of the FTCA and § 1346(b) "[a]ny claim arising out of . . . [] interference with contract rights." 28 U.S.C. § 2680(h). Undoubtedly, § 2680(h) bars any cause of action Aviles might have against the United States. . . . His allegation that government attorneys interfered with his right to contract for government employment through the language of the settlement agreement [falls squarely within the interference-with-contract-rights exception of subsection (h)].

*Aviles*, 887 F.2d at 1049. The Tenth Circuit concluded that the plaintiff's "suit is barred because in this instance Congress has not waived the sovereign immunity of the United States and its employees" for interference with contract rights, and remanded to the district court for dismissal of that cause of action for lack of subject-matter jurisdiction. *See id.* at 1050. Accordingly, the Court must dismiss with prejudice any claim Swartz may have for interference with contract rights.

**IT IS ORDERED** that the United States is substituted for the individual NASA employee-defendants and the United States' Motion to Dismiss (Doc. 62) is granted in part, and Swartz's Motion for Summary Judgment (Doc. 127) is denied;

**IT IS FURTHER ORDERED** that Swartz's claims for harassment, retaliation, and intentional infliction of emotional distress are dismissed without prejudice for failure to exhaust

8

administrative remedies and that any claim for interference with contract rights is dismissed with prejudice for lack of subject-matter jurisdiction.

_____
**ROBERT C. BRACK**
**UNITED STATES DISTRICT JUDGE**